**UNITED STATES of America, Appellant,**

v.

**Scottie Alton ALSUP, Appellee.**

**No. 15252.**

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1955.

Writ of Certiorari Denied

April 4, 1955.

See 75 S.Ct. 572.

Leo Meltzer, Atty., Dept. of Justice, Warren Olney, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Richard T. Watson, Asst. U. S. Atty., Jackson, Miss., for appellant.

R. W. Thompson, Jr., Gulfport, Miss.. Wm. C. Taylor, Mobile, Ala., for appellee.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellee was indicted in four counts for violation of the so-called Kickback

Act, 18 U.S.C.A. § 874.[1] Count one of the indictment charged that appellee:

" * * * did then and there knowingly, wilfully, unlawfully, feloniously and fraudulently, induce and cause Joe Hancock, by means of intimidation of procuring dismissal from employment, to give up a part of the compensation to which said Joe Hancock was entitled as an employee of Ewin Engineering Company, at Kesler Air Force Base, in the Southern Division of the Southern District of Mississippi, said employee Joe Hancock being then and there employed in the construction of public work financed in whole by funds of the United States of America, said Ewin Engineering Company have (sic) agreed previously with defendant that it would employ only members of International Association of Structural, Bridge and Ornamental Iron Workers Union, Local 600, American Federation of Labor, of Mobile, Alabama, and such other employees as the Union or defendant, its representative, might approve, said defendant thereby causing the said Joe Hancock to give up and pay over to defendant the sum of $2.00 per day for a period of approximately forty working days, or more, from his said compensation, in violation of Section 874, Title 18, United States Code, * * *"

Counts two, three and four charged the same offense with respect to three other named employees.

On motion of appellee, the trial court dismissed the indictment on the authority of United States v. Carbone, 327 U.S. 633, 66 S.Ct. 734, 90 L.Ed. 904, saying:

"As disclosed by the decision of that Court the evil intended to be covered and curtailed was the conduct of some of the employers or subemployers in indecently and immorally demanding and receiving part of the wages intended for the employees. In that case some of the union officials were indicted, just as one of the union officials here is indicted, for demanding kickbacks and the Supreme Court held that such an act was not covered by the statute, and that the law was not intended to affect legitimate union activity."

In the Carbone case the indictment charged in detail that the accused union officials were collecting from the employees weekly contributions toward initiation fees in the union, pursuant to union rules, and in furtherance of an agreement between the union and employer whereby the latter agreed to employ only those persons who were members of or approved by the union. According to the majority of the Supreme Court, the trial judge in that case construed the indictment to set up a factual situation which only described a legitimate union device for collecting lawful dues or fees. The Supreme Court was bound by the construction of the trial court by the provisions of the statute under which the direct appeal in that case was taken;[2] and the majority, by reference to Congressional Reports, held that the statute did not extend to lawful activity by labor unions and their officials. It is true, as appellee contends, that there is language in the opinion from which it might be concluded that the Supreme Court exempted union officials from the coverage of the Act,

1. "Whoever, by force, intimidation, or threat of procuring dismissal from employment, or by any other manner whatsoever induces any person employed in the construction, prosecution, completion or repair of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, to give up any part of the compensation to which he is entitled under his contract of employment, shall be fined not more than $5,000 or imprisoned not more than five years, or both." June 25, 1948, c. 645, 62 Stat. 740.

2. Act of March 2, 1907, 34 Stat. 1246, as amended by the Act of May 9, 1942, 56 Stat. 271; 18 U.S.C. § 682; United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181.

whatever might be their conduct. However, the remarks were made in connection with excerpts from Congressional Reports, and it should be noted that the three dissenting Justices disagreed with any such broad generalization. We do not construe the opinion in the Carbone case to exempt any person from the coverage of the Act simply because he is an official of a labor union.

■ The statute, in unmistakable terms, applies to "whoever" commits the offense proscribed. Like any other criminal statute we think it is directed against an offense, not against particular persons. True, the Carbone decision exempted persons who were engaged in legitimate union activities, but we think that exemption extended to such persons because of the nature of the activities in which they were engaged, not simply because they were officials of the union. The indictment in the Carbone case, according to the trial court's construction as interpreted by the Supreme Court, described the activities of the accused in such a manner as to show that they were simply collecting union dues or fees according to union rules, a lawful activity not proscribed by the statute.

■ In the instant case, however, no such facts appear in the indictment. It is shown that there was an agreement between the employer and the union whereby the latter would employ only those persons who were members of or approved by the union or its representative (appellee); but the indictment does not disclose that the appellee was collecting the money from the employees pursuant to any instructions from his union or in furtherance of any union rules. For aught that appears in the indictment, appellee may very well have been using his union position and the agreement with the employer to extort money from employees for his own private gain in no way connected with the union or its "legitimate activities". It affirmatively appears in the indictment that his position was such that he had control over the employees' jobs. We know of no rule of law which requires an indictment to negative every conceivable exception or exemption to the statute under which it is returned.

■ Facts may appear in response to a motion for particulars, or during the trial itself, which will bring this matter within the orbit of the Carbone case; but for the purposes of this appeal we are bound by the facts which are alleged in the indictment.

■ We think the instant case is clearly distinguishable from Carbone, and that the indictment as written charges an offense under the Kickback Act. The judgment is

Reversed.